1  IGNACIA S. MORENO
   Assistant Attorney General
2  Environmental and Natural Resources Division
   U.S. Department of Justice
3  PATRICIA L. HURST
   Trial Attorney, Environmental Enforcement Section
4  P.O. Box 7611
   Washington, D.C. 20044
5  (202) 307-1242 (telephone); (202) 514-2583 (facsimile)
   Patricia.Hurst@usdoj.gov
6
   MELINDA HAAG
7  United States Attorney
   Northern District of California
8  CHARLES O'CONNOR (SBN 56320)
   Assistant United States Attorney
9  450 Golden Gate Avenue, 11th Floor
   San Francisco, California 94102
10 (415) 436-7200 (telephone); (415) 436-7221) (facsimile)
   Attorneys for Plaintiff United States of America
11
   (Additional Attorneys Listed on Signature Page)
12

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, , <br><br> Plaintiff, <br> v. <br> CITY OF ALAMEDA, et al., <br><br> Defendants. <br><br> BAYKEEPER, INC., d/b/a SAN FRANCISCO BAYKEEPER, Intervenor-Plaintiff. | No. 4:09-CV-05684-RS <br><br> STIPULATION AND [PROPOSED] ORDER EXTENDING STAY |

## STIPULATION

Whereas, this action is a civil action brought by the United States of America ("United States") on behalf of the Administrator of the U.S. Environmental Protection Agency ("EPA") pursuant to section 309 of the Clean Water Act ("CWA"), 33 U.S.C. § 1319, against the cities of Alameda, Albany, Berkeley, Emeryville, Oakland, Piedmont, and the Stege Sanitary District

("Defendants") to require compliance with CWA standards, limitations, and orders prohibiting discharge of sewage without CWA permit authorization;

Whereas, the State of California ex rel. California State Water Resources Control Board ("State Water Board") and the California Regional Water Quality Control Board, San Francisco Bay Region ("Regional Water Board") (collectively, "Water Boards"), are joined as "a Section 309(e) party" -- a party (neither plaintiff nor defendant at this time) in accordance with Section 309(e) of the CWA, 33 U.S.C. § 1319(e), but intend to re-align as a plaintiff through motion or in a future amendment to the United States' complaint to add State law claims as part of settlement of this action;

Whereas, Defendants have not yet been served with the United States' complaint;

Whereas, Baykeeper, Inc. ("Baykeeper") has moved to intervene as a Plaintiff in this matter, which motion to intervene was granted by this Court in an Order dated January 22, 2010;

Whereas, the Order and Baykeeper's Motion to Intervene was challenged by the Defendants' Joint Opposition to Motion to Intervene and supporting declarations ("Joint Opposition") filed January 29, 2010, but the parties came to agreement and filed a Stipulation to Withdraw Intervention Opposition, Accept Service, and Limit Claims in Intervention on August 26, 2010, and this Court entered its Order thereon on August 27, 2010;

Whereas this Court previously granted a stay of litigation and all litigation timelines and deadlines on February 10, 2010, which was further extended to and including October 8, 2010 by an Order dated May 26, 2010;

Whereas all parties need additional time to negotiate, exchange information, and finalize terms; keeping the parties informed will promote productive and timely settlement discussions; and the participation of all parties is useful towards settlement;

IT IS HEREBY STIPULATED THAT:

1. The stay previously granted is hereby extended to and including March 1, 2011, under the terms and conditions set forth herein. Except as stipulated in Paragraph 2, below, all litigation activity shall continue to be stayed in *United States v. City of*

*Alameda, et al.*, USDC N.D. Cal. Case No. CV 09-05684 CW to and including March 1, 2011.

    a. No party will file motions or initiate discovery.

    b. The time for the United States to serve its summons and complaint will be tolled while the stay is in effect.

    c. The time for Defendants to respond in any way to Baykeeper's complaint in intervention will be tolled while the stay is in effect, and Defendants preserve all options and arguments for any response to Baykeeper's complaint in intervention.

2. Between October 8, 2010 and March 1, 2011, the Water Boards may either move to realign as a plaintiff and to add State law claims, or file with the United States Plaintiff a single amended complaint to add the State law claims, if they so choose. The time for Defendants to receive summons and complaint as well as to respond in any way to Plaintiffs' complaint remains tolled while the stay is in effect.

3. Until a new Scheduling Conference is scheduled after March 1, 2011, the parties will not hold their Conference under Fed. R. Civ. P. 26(f) and will not make disclosures under Rule 26(a).

4. This Stipulation will not be considered a general appearance by the Defendants.

5. Baykeeper shall continue to have the right to participate in negotiations with the United States, Water Boards, and the Defendants regarding the Stipulated Order for Preliminary Relief. During the stay period, Baykeeper shall receive copies of any documents or plans due under the current Administrative Orders issued to Defendants on or about November 18, 2009, and shall have the opportunity to comment on those documents and plans.

6. This Stay may be extended by stipulation of the parties, and further order of the Court, if the settlement negotiations regarding the Stipulated Order for Preliminary Relief are continuing.

Dated: September ___, 2010

_____
Patricia Hurst
United States Department of Justice
For Plaintiff United States

_____
John Davidson
California Attorney General's Office
For State of California, ex rel. California State Water Resources Control Board and California Regional Water Quality Control Board, San Francisco Bay Region

_____
Jason Flanders
San Francisco Baykeeper, Inc.
For Intervenor-Plaintiff

_____
Ellen J. Garber
Shute, Mihaly & Weinberger LLP, and
Teresa L. Highsmith, City Attorney
For Defendant City of Alameda
(specially appearing without waiving service of complaint)

_____
Zach Cowan
City Attorneys
For Defendant City of Berkeley
(specially appearing without waiving service of complaint)

1  _/s/ Michael Guirlor_
   Michael G. Biddle
2  City Attorneys
   For Defendant City of Emeryville
3  (specially appearing without waiving
   service of complaint)
4

5  _/s/ Michelle Kenyon_

6  Michelle Kenyon
   City Attorney
7  For Defendant City of Piedmont
   (specially appearing without waiving
8  service of complaint)

9

10 _/s/ Kenton L. Alm_

11 Kenton L. Alm
   Meyers Nave Riback Silver & Wilson
12 Attorneys for Defendant Stege Sanitary District
   and Defendant City of Albany
13 (specially appearing without waiving
   service of complaint)
14

15 _/s/ Marilee J. Allan_

16 Marilee J. Allan
   Bingham McCutchen LLP
17 Attorneys for Defendant City of Oakland
   (specially appearing without waiving
18 service of complaint)

19

20

21

22

23

24

25

26

27

28
   A/73486598.2/2015792-0000342942                      5

1
2
3
4
5
6
7
8                                    [PROPOSED] ORDER
9
10
11
12  PURSUANT TO STIPULATION, IT IS SO ORDERED.
13
14   _____          9-7-10
15  U.S. District Court Judge            Date
16
17
18
19
20
21
22
23
24
25
26
27
28
A/73486598.2/2015792-0000342942                 6

[PROPOSED] ORDER GRANTING STAY                          CV 09-05684 RS